UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ANTHONY ABELS,

                 Plaintiff,

    v.

KRISTEN SKIPWORTH, *et al.*,

                 Defendants.

No. C10-5033 BHS/KLS

ORDER TO AMEND OR SHOW CAUSE

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

Presently before this Court for review is Mr. Abels' complaint. Dkt. Upon review of the complaint, however, it appears that Mr. Abels is attempting to file an action that is a duplication of Case No. C07-5303RBL, in which judgment was entered against Mr. Abels and in favor of Kristen Skipworth, Harold Clarke and Norman Hill. Dkt. 140. Mr. Abels' appeal of the judgment was dismissed for lack of jurisdiction on January 20, 2010. Dkt. 159.

*DISCUSSION*

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint

ORDER TO AMEND OR SHOW CAUSE - 1

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

In the present complaint, Mr. Abels sues Kristen Skipworth, supervisor of the Lincoln Park/Rap House Work Release of the Department of Corrections. Dkt. 1-1. Mr. Abels claims that Ms. Skipworth signed an order of arrest and transferred Mr. Abels back to prison and in isolation after receiving an accusation from Mr. Abels' co-worker, Angela Howell, that Mr. Abels was sexually harassing and stalking her. *Id.*, p. 2.

ORDER TO AMEND OR SHOW CAUSE - 2

Mr. Abels made these same allegations in Case No. 07-5303RBL. In that case, judgment was rendered in favor of Defendant Skipworth and against Mr. Abels.

Due to the deficiencies described above, the Court finds that dismissal of Mr. Abels' complaint is proper as his claims have already been adjudicated by this court. However, Mr. Abels will be given an opportunity to show cause why this matter should not be dismissed no later than **April 2, 2010.**

Mr. Abels is cautioned that if he fails to adequately address the issues raised herein on or before **April 2, 2010**, the Court will recommend dismissal of this action. The Clerk is directed to send a copy of this Order, a copy of the General Order.

Dated this  8th  day of March, 2010.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE - 3