UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ANTHONY ABELS,

    Plaintiff,

    v.

KRISTEN SKIPWORTH, et al.,

    Defendants.

No. C10-5033BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 9) and Plaintiff Michael Anthony Abels' ("Abels") Objection to Report and Recommendation (Dkt. 10). The Court has considered the Report and Recommendation, Abels' objections, and the remaining record, and hereby adopts the Report and Recommendation for the reasons stated herein.

On March 8, 2010, Abels filed a complaint against Defendants under 42 U.S.C. § 1983. Dkt. 6. The Magistrate Judge then issued an order to amend or show cause why the complaint should not be dismissed because Abels' claims were previously adjudicated by the Court in Case No. 07-5303RBL. Dkt. 7. On March 25, 2010, Abels responded to the order to show cause. Dkt. 8. On April 15, 2010, the Magistrate Judge issued a Report and

ORDER – 1

1  Recommendation (Dkt. 9) and on April 26, 2010, Abels objected to the Magistrate Judge's
2  Report and Recommendation (Dkt. 10).
3      In the Report and Recommendation, the Magistrate Judge considered Abels' response
4  to the order to show cause and found that his response confirmed that his current complaint
5  (Dkt. 6) consisted of claims already adjudicated by the Court in his previous case against the
6  same defendants (Case No. C07-5303RBL). Dkt. 9 at 4-5. Therefore, the Magistrate Judge
7  recommends that Abels' complaint be dismissed with prejudice for failure to state a claim as
8  a matter of law under 42 U.S.C. § 1983. *Id.* at 5.
9      In his objection, although he is not entirely clear, Abels appears to state that he has
10 newly discovered evidence that a defendant named in his complaint was also a defendant in
11 a prior § 1983 action in which the defendant was accused of committing a crime against a
12 private citizen. Dkt. 10 at 1. Abels states that he "discovered this new evidence almost
13 three years after the fact" and because he did not know how to "consolidate issues newly
14 discovered, he filed a second complaint against the same defendant." Dkt. 10 at 1. Abels
15 then asks the Court to allow him to file a "Motion under CR-42 to consolidate with the prior
16 case, and under Rule 60(b), based on Newly Discovered Evidence, to reopen the prior case
17 in the best interest of justice." *Id.* The rest of Abels' objections consist of quotations that
18 are irrelevant to the relief he seeks. *See Id.* at 2-3.
19     The Court will treat Abels' "Motion under CR-42" as a motion" for consolidation
20 under Rule 42(a) of the Federal Rules of Civil Procedure. Rule 42(a) states: "If actions
21 before the court involve a common question of law or fact, the court may: (1) join for
22 hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3)
23 issue any other orders to avoid unnecessary cost or delay." Abels' request to have his prior
24 case (Case No. C07-5303RBL) consolidated with his current case under Rule 42(a) is
25 misplaced. Rule 42(a) applies to "actions before the court." Abels' prior case has already
26 been adjudicated by the Court and is no longer an action before the Court. Therefore, Rule
27 42(a) does not apply and Abels' request for consolidation is denied.
28 ORDER – 2

The Court will treat Abels' motion "under Rule 60(b)" as a motion for relief from a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Abels seeks relief from a final judgment because of "new evidence" that a defendant named in his complaint was also a defendant in another § 1983 action. Dkt. 10 at 1. First, the Court concludes that the "new evidence" could have been discovered in time for Abels to move for a new trial under Rule 59(b) (meaning within twenty-eight days of the entry of final judgment) and therefore does not qualify under Rule 60(b) as grounds for relief from a final judgment. Rule 60(b)(2). Regardless, the purported "new evidence" has no relevance to Abels' prior case or current complaint and thus has no bearing on the Court's final judgment in his prior case or this complaint.

Therefore, it is hereby **ORDERED** that:

(1) Petitioner's objections are **OVERRULED**;

(2) The Report and Recommendation is **ADOPTED**; and

(3) Abels' complaint is **DISMISSED with prejudice** for failure to state a claim and counts as a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 9th day of June, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3